# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TODD DENNIS FROST,

        Petitioner,        Case No. 05-C-659

        v.

PHILLIP KINGSTON, Warden,

        Respondent.

## OPINION AND ORDER

Todd Frost, a prisoner in state custody, is seeking a writ of habeas corpus pursuant to 18 U.S.C. § 2254. The Respondent has moved to dismiss the Petition on the ground that it was untimely filed. See 28 U.S.C. § 2244(d)(1).

The record shows that Frost was convicted of first degree murder on January 14, 1994. He was sentenced to life in prison. Frost says that he did not appeal. In general, a person in custody has one year from the date his conviction becomes final to file a federal habeas corpus petition. See 28 U.S.C. § 2244(d)(1). However, because Frost's conviction predated the passage of the Antiterrorism and Effective Death Penalty Act (AEDPA), he had until one year after the AEDPA was passed on April 24, 1996, to file his Petition. Instead, he filed his Petition on June 16, 2005. Although on September 10, 2002, Frost filed a motion for postconviction relief in the Wisconsin courts (a filing which could have tolled the limitation period), the Respondent takes the position that the one-year time limit had already expired in 1997.

Subsection 2244(d) of Title 28 of the United States Code provides that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review,
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this sub section.

28 U.S.C. § 2244(d).

Frost maintains that, in his case, the one-year limitation period did not start to run until January 11, 2005, when the Wisconsin Supreme Court refused to review the denial of his latest state postconviction motion. He claims that when he filed his state postconviction motion in 2002, he had "new evidence" that he had a bipolar mental disorder predating his arrest for murder. He admits that the diagnosis and his mental health reports were in the record during his competency hearing and trial in the

state courts, but argues that the reports were ignored or misinterpreted by the court. He claims (without any evidentiary support in the record) that the prosecution did not disclose some of the mental health reports and that, due in part to lack of money, he was not able to have an expert review all the reports until he filed a postconviction motion on September 10, 2002. Frost believes that, had he known he was bipolar, he could have established an insanity defense or proved that he was not competent to stand trial.[1] His state postconviction motion was denied on March 12, 2003. The Wisconsin Court of Appeals affirmed on August 26, 2004, and the Wisconsin Supreme Court denied review on January 11, 2005. See State v. Frost, 278 Wis. 2d 536, 693 N.W.2d 75 (2005). After filing his federal habeas corpus petition, Frost requested an evidentiary hearing. Frost can bring himself within the one-year limitation period for filing his habeas corpus petition only by establishing that he is presenting new evidence within the meaning of 28 U.S.C. § 2244(d)(1)(D).

After examining the briefs and supporting papers, the court concludes that Frost has no new factual evidence, only a new expert opinion. The record shows that Frost either had actual knowledge of the factual predicate underlying the expert opinion or should have discovered the factual predicate through the exercise of due diligence prior to his trial. The Petitioner concedes that his mental health reports were before the court during his competency hearing prior to trial. He blames his own retained attorney for failing to investigate and blames the state courts for ignoring or misinterpreting the

---

[1] It is not clear whether Frost is claiming to be insane or incompetent at the present time. Frost alleges that he was placed in a psychiatric unit when he first entered the Wisconsin prison system, but reports that he has been housed in the general prison population since that time.

records. He believes that it was not until 2002, when he himself had possession of his medical records and had them reviewed by Robert Gordon, PhD., that he first discovered that he was bipolar prior to his arrest for murder. Gordon[2], for whom no curriculum vitae has been provided, offers the "expert" opinion that Frost might have attempted to mount an insanity defense. Gordon arrived at this opinion ten years after the crime at issue by examining medical records, but without examining Frost himself.

Documents in the record show that Frost received mental health treatment and was hospitalized at least three times prior to his arrest. Therefore, he could have discovered the nature of any mental illness he might have had through the exercise of due diligence. Frost's mental health records, including the bipolar diagnosis, were available at his competency hearing. Nothing in the record establishes that the State of Wisconsin or extraordinary circumstances beyond his control prevented Frost from retaining an expert to review his medical records. And, assuming for purposes of this habeas corpus action, that he is bipolar, nothing in the record establishes that having this condition could support an insanity defense or result in an adjudication of incompetence to stand trial.

Frost has not established grounds for introducing new evidence, he has not claimed actual innocence, and he has not established legally sufficient grounds for equitable tolling. Therefore, his Petition was untimely filed and will be dismissed. See 28 U.S.C. § 2244(d)(1).

---

[2] Frost says that his brother hired Gordon to review the medical records.

4

## **ORDER**

For the reasons explained above, the court ORDERS that the Respondent's "Motion to Dismiss Petition for Writ of Habeas Corpus" (filed July 28, 2005) IS GRANTED.

IT IS FURTHER ORDERED that Todd Frost's "Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody" (filed June 20, 2005) IS DENIED because it was untimely filed. See 28 U.S.C. § 2254(d)(1).

IT IS FURTHER ORDERED that Frost's request for an evidentiary hearing (filed August 11, 2005) IS DENIED.

IT IS FURTHER ORDERED that Frost's request for appointment of counsel (filed August 11, 2005) IS DENIED.

IT IS FURTHER ORDERED that the Clerk of Court shall enter a final judgment as a separate document. See Federal Rule of Civil Procedure 58. This judgment shall provide that:

> Todd Frost brought his petition for a writ of habeas corpus before the court, the Honorable Thomas J. Curran, District Judge, presiding, and the petition having been denied and dismissed because it was not timely filed,
>
> IT IS ORDERED AND ADJUDGED
>
> that this action is dismissed with prejudice.

5

Done and Ordered in Chambers at the United States Courthouse, Milwaukee, Wisconsin, this 17th day of August, 2005.

s/ Thomas J. Curran
Thomas J. Curran
United States District Judge